**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| ANN MARY JOSEPH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | Case No.: 1:26-cv-1984<br><br>**COMPLAINT FOR DECLARATORY AND DECLARATORY RELIEF** |

## INTRODUCTION

Ann Mary Joseph, the Plaintiff in this matter, is a physician working for the people of Baltimore by providing public health services. She works as the city's Health Policy Project Manager in the Policy and Strategy Office. Her continued employment is essential to the health and well-being of the communities she serves. But Dr. Joseph faces a near certain end to her employment caused by an explosion in processing times for status changes from F-1 to H-4 and employment authorization documents.

The current government delays in immigration are not caused by bandwidth or limited resources, but rather by policy and the administration's attempt to derail the process. These intentional delays contradict the Administrative Procedure Act that demands United States Citizenship and Immigration Services ("USCIS" or "the Agency") act "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

Dr. Joseph seeks two things from this Court. First is an order directing the Agency to comply with the Freedom of Information Act and provide the documents she has requested. Second

is an order directing the Agency to cease its unreasonable delay in processing her Forms I-539 (status change) and I-765 (employment authorization) and "conclude the matter[s] presented to it." *Id.*

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* ("FOIA") and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

2. The United States has waived sovereign immunity in cases alleging an unlawfully withheld or unreasonably delayed government action. 5 U.S.C. §§ 702, and 706(1)

3. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this District.

4. Dr. Joseph filed a FOIA request seeking data showing the Agency's processing of H-4 change of status and employment authorization document applications. Defendant acknowledged receipt of the FOIA Request. Defendant then denied the request, asserting it had no records. Plaintiff appealed that denial on April 20, 2026. Twenty business days have passed with no further word from the Agency. Thus, the Court has jurisdiction over the FOIA claim.

## PARTIES

5. Plaintiff Ann Marie Joseph resides in Baltimore, Maryland. She is the applicant for Form I-539, Application to Extend or Change Nonimmigrant Status, and a Form I-765, Application for Employment Authorization Document. She is also the requestor of information under FOIA.

6. Defendant United States Citizenship and Immigration Services ("USCIS" or "the Agency") is a component agency of the United States Department of Homeland Security and,

among other duties, is the federal agency responsible adjudicating applications for immigration benefit requests, and maintains data on its application processing which it uses for workload management and regulations increasing fees. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

7. Dr. Joseph was an F-1 student visa holder while she attended an advanced program at The Johns Hopkins University Medical Institution. She finished her degree program on May 19, 2023.

8. Dr. Joseph was eligible to extend her F-1 visa and perform Optional Practical Training ("OPT") upon completion of her program.

9. She applied for an employment authorization document ("EAD") connected to her F-1 visa.

10. She worked on post completion OPT for 12 months and then applied for the 24-month extension of OPT available to those with degrees in Science Technology Engineering and Mathematics ("STEM").

11. Her STEM OPT EAD authorizes her to continue working on an F-1 visa until June 12, 2026. After this date she must cease working.

12. Dr. Joseph is married to an H-1B visa holder who is also the beneficiary of an approved immigrant visa petition. As such she is eligible to change status to H-4 (derivative beneficiary of an H-1B) and an H-4 EAD.

13. Dr. Joseph applied to change her status from F-1 to H-4 on February 10, 2026.

14. At the same time, she applied for an H-4 EAD.

15. Historically, these applications would have been adjudicated in two to four months.

16. However, processing changes within the Agency have led to an explosion in processing times that have no relationship to the demands of the Agency.

17. The Agency has altered its process to adjudicate the status change (Form I-539) and EAD application (Form I-765) sequentially instead of concurrently. The Agency claims that 80% of Form I-539 applications are completed within 7.5 months. While 80% of H-4 EAD applications are adjudicated in 6-9 months.

18. Compared to prior fiscal years, the current processing times have nearly tripled.

19. For instance, in FY 2016 the average Form I-539 processing time was 3.4 months, and the EAD processing time was 2.2 months. *See* https://egov.uscis.gov/processing-times/historic-pt-2 (*last accessed* May 20, 2026).

20. On March 27, 2026, Dr. Joesph Plaintiff submitted a FOIA Request to Defendant through FOIA FIRST, USCIS' online web portal. This request was assigned control number NRC2026194015REQ.

21. The Agency denied the request on April 2, 2026.

22. A FOIA appeal was filed administratively on April 20, 2026.

23. To date, the Agency has not responded to the appeal.

24. Pursuant to a nationwide permanent injunction, Defendant USCIS must cease violating FOIA's statutory deadlines in 5 U.S.C. § 552(a)(6)(A) and (B), which require determinations within 20 business days or, in the case of "unusual circumstances," within 30 business days, respectively. *See Nightingale v. USCIS*, 507 F. Supp. 3d 1193 (N.D. Cal. 2020).

25. The request seeks processing data for the adjudication of H-4 Forms I-539 and I-765. *See* **Exhibit A**.

26. This data is kept and relied upon by the Agency to set fees and apportion resources,

yet the Agency denied maintaining such data.

27. On information and belief, Defendant did not conduct an adequate search for records.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552(a)(3)
### Failure to Conduct an Adequate Search and to Disclose Responsive Records

28. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

29. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records.

30. Upon information and belief, Defendant has not conducted and/or completed an adequate search for responsive records to Plaintiff's FOIA request.

31. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

32. Defendant's failure to conduct a reasonable search for records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

### COUNT TWO
### Unreasonable Delay of Adjudications, APA 5 U.S.C. § 706(1)

33. The APA requires government agencies to take final agency action on an application within a reasonable time. 5 U.S.C.§ 706(1).

34. The APA also authorizes courts to compel agency action that has been unlawfully withheld. *Id.*

35. Cases alleging a failure to act within a reasonable timeframe are generally evaluated

using the factors laid out in *Telecommunications Research & Action Ctr. v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984).

36. Under *TRAC*, the Court weighs the availability of government resources against the volume of work facing the Agency. The Agency's work volume and historic ability to process applications is evidence this Court needs to evaluate the case and is the subject of the FOIA request in Count I.

37. The Court also weighs the health and human welfare impact of the government delays. Here, the Agency's delay has a demonstrable negative impact on the people of Baltimore.

38. Under *TRAC*, delays caused by bad faith or design are per se unreasonable. The government has a demonstrated historical benchmark establishing its ability to process these cases in less than four months. The current processing times are inexplicable without attributing bad faith.

39. The Declaratory Judgment Act allows courts to evaluate legal disputes and enter decisions explaining what the parties rights and responsibilities are. 28 U.S.C. 2201. Here, the Court has the authority to declare the Agency's lack of action is unreasonable and in violation of § 706(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Declare unlawful Defendant's failure to conduct an adequate search for the requested records, and failure to disclose the records requested by Plaintiff;

C. Order Defendant to make a full, adequate, and expeditious search for the requested records;

D. Order Defendant to expeditiously process and disclose all responsive, nonexempt

records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

E. Enjoin Defendant from improperly withholding requested records;

F. Order Defendant to adjudicate Plaintiff's Forms I-539 and I-765 within 1 week;

G. Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

H. Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: May 20, 2026

Respectfully Submitted,

*/s/ Matthew T. Galati*
MATTHEW T. GALATI
D. Maryland No. 31075
THE GALATI LAW FIRM, LLC
8080 Old York Road, Suite 204
Elkins Park, PA 19027
Phone: (215) 310-0231
Fax: (267) 703-2204
Email: matt@galati.law
*Local Counsel*

*/s/ Jonathan D. Wasden*
JONATHAN D. WASDEN
MS Bar No. 100563
WASDEN LAW
2593 W Torana Dr
Meridian, ID 83646
Phone: (843)872-4978
Email: jon@wasden.law
*Motion for Admission Pro Hac Vice forthcoming*

*Attorneys for the Plaintiff*